## UNITED STATES *v.* BROWN & Co. 1298).[1]

DICED LEATHER NOT EMBOSSED LEATHER.

The leather of the importation does not present the appearance of raised figures in relief upon its surface, nor has it been subjected to processes aimed to produce such a result. The article is not embossed or gauffre, but diced leather.—Dejonge *v.* United States (3 Ct. Cust. Appls. 463; T. D. 33040) distinguished.

United States Court of Customs Appeals, April 7, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33862 (T. D. 33795).
   [Affirmed.]

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Frank L. Lawrence*, special attorney, on the brief), for the United States.
   *Brown & Gerry* for appellees.

   Before MONTGOMERY, SMITH, BARBER, DE VRIES and MARTIN, Judges.

---

[1] Reported in T. D. 34380 (26 Treas. Dec., 632).

MARTIN, Judge, delivered the opinion of the court:

The merchandise now in question is dressed leather ornamented upon its grain side with a diced effect, the leather being such as is used in making hat sweats.

The appraiser returned the merchandise as skivers, dressed, finished, and gauffred, subject to a primary duty of 15 per cent ad valorem as "other leather," and also to a cumulative duty of 10 per cent ad valorem as "gauffre leather" under the provisions of paragraph 451 of the tariff act of 1909. Duty was assessed upon the merchandise at the combined rate of 25 per cent ad valorem, in accordance with this return.

The importers duly filed their protest against the assessment, claiming that the leather in question was not gauffre leather, and that the same was dutiable only at the primary rate of 15 per cent ad valorem under paragraph 451, without the addition of the cumulative rate of 10 per cent ad valorem imposed by that paragraph upon gauffred leathers.

The protest was submitted upon evidence to the Board of General Appraisers and the same was sustained. The Government now appeals from that decision.

The sole question in the case therefore is whether the present leather is gauffred. If it is gauffre leather the collector's assessment was correct; if it is not gauffred the assessment was erroneous and the board's decision reversing the same should be affirmed. The character of this issue makes it unnecessary to copy paragraph 451 of the tariff act of 1909, since the question at bar is one of fact only.

The leather in question consists of whole sheepskins which have been split, tanned, and dressed, and then subjected to an ornamental process known as dicing. For this purpose the skin is fastened upon a revolving drum and lines are traced upon its surface by means of pressure from an edged disk. These lines cover the entire surface of the leather and subdivide it into tiny squares, which give to it the so-called diced effect. It is this process which gives rise to the question now before the court. The Government contends that this is virtually an embossing process which brings the merchandise within the classification of gauffre leather as the same appears in paragraph 451. This the importers deny.

In support of its contention the Government relies chiefly upon the decisions of this court in the case of United States *v.* White (2 Ct. Cust. Appls., 80; T. D. 31632), and the case of Dejonge *v.* United States (3 Ct. Cust. Appls., 463; T. D. 33040). A reading of those cases, however, discloses the fact that both decisions were rested upon the finding that the leathers therein involved were embossed leathers within the common acceptation of that term. The cases decided that leathers which were thus embossed came within the

statutory classification of gauffre leather. The following extracts from the decisions in question sustain the foregoing statement.

From the White case:

These definitions accord with those of the term "embossed," and it is admitted by all parties to the record that this merchandise, as imported, is embossed. It has in addition to embossing certain figures in jet or black. It appears, likewise, from the decisions quoted that the merchandise the subject of these decisions was embossed, although in addition thereto were figures in silver and other fancy effects. The essential, however, of gauffre leather, as defined by lexicographic authority, and giving those words their natural descriptive force, is leather which has been embossed.

From the Dejonge case:

In this connection it should be observed that the statement made in the White case, that the terms "gauffre" and "embossed" as applied to leathers are substantially synonymous, was not based upon any restricted or peculiar commercial signification of either of those words; to the contrary, both terms were used and intended in their ordinary signification. Therefore, in the present case, the testimony produced by the importers in proof of a commercial meaning of the term "embossed" can have no application. In the White case it was conceded that the leather involved was embossed leather, and therefore the meaning of that term was not disputed and was not made the subject of commercial testimony. The decision in that case therefore implies that the word "embossed" is substantially synonymous in its ordinary signification with the word "gauffre" as used in the act. And in this connection it may safely be said that the leathers now before the court are embossed leathers within the common acceptation and descriptive force of that term. See Stiner v. United States (2 Ct. Cust. Appls., 347; T. D. 32079).

In the present case, however, it sufficiently appears that the leather in question is not embossed, according to the common understanding of that term. Nor is there any proof favoring a commercial designation of that character. The present merchandise has been subjected to the process of dicing alone, as the same is above described. That process, according to the common acceptation of the term, brings the affected leather within the description or classification of "diced leather," and not that of "embossed leather." The following definitions are given as authority for this statement:

Standard:

*Dice*, v. 2.—To ornament (leather) in squares or lozenges, by pressure with a tool or between dies.

*Embossed*, pa. 1.—Ornamented with or formed of bosses or raised figures; hence, richly decorated, as *embossed* leather.

Oxford:

*Dice*, v. 3.—To mark or ornament with a pattern of cubes or squares; to chequer. * * * b. *Bookbinding*. To ornament (leather) with a pattern consisting of squares or diamonds.

*Embossed*, ppl. a. 1.—Carved or molded in relief; ornamented with figures in relief; (of figures or ornament) raised, standing out in relief.

It thus appears from standard authorities that, within common acceptation, leathers bearing upon their surface such traced lines as

those now in question constitute a separate class under the name of "diced leathers," whereas, within common acceptation, the term "embossed leathers" applies to a different class, namely, those which are ornamented with raised figures or figures in relief. Within the contemplation of these definitions the diced tracings upon the surface of leather are not equivalent to raised figures or figures in relief, but rather these are two separate kinds of ornamentation, and the leathers thus ornamented severally come within different descriptions or classifications. Nor is this a difference of terms only, for the diced effect upon the one class of leathers is substantially different from the embossed effect upon the other class, and it is produced by different means. It may, indeed, be claimed that the slightly depressed lines which are traced upon the surface of diced leather serve to bring the inclosed squares into relative prominence, and thus give them the appearance and effect of raised figures. This, however, in the case of the present merchandise is theoretical rather than actual, and it is hardly fitting that the assessment of the merchandise should depend upon so nominal a consideration, for in point of fact the present article does not present the appearance of raised figures or figures in relief upon its surface, nor has it been subjected to the processes commonly used for that result. The present merchandise, therefore, differs in character from that involved in the White and Dejonge cases, *supra*.

The court, therefore, holds that the merchandise at bar is not embossed or gauffre leather, and the decision of the board to that effect is *affirmed*.